730 So.2d 384 (1999)
RAMPART LIFE ASSOCIATES, INC., Appellant,
v.
Arthur TURKISH, as Trustee Under Irrevocable Ada Turkish/Trask 1990 Irrevocable Trust and Ada Turkish Trask, Appellees.
No. 98-2996.
District Court of Appeal of Florida, Fourth District.
March 31, 1999.
*385 Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellant.
Judith A. Ripps of Harnett, Lesnick & Ripps, P.A., Boca Raton, for appellees.

ORDER GRANTING MOTION TO STRIKE AND FOR SANCTIONS AGAINST COUNSEL
KLEIN, J.
Appellant Rampart has taken this non-final appeal from an order denying a motion to dismiss grounded on lack of personal jurisdiction. After appellant filed its brief, appellee moved to supplement the record with a deposition of a person named Gans which was taken two and one-half months after the entry of the order being appealed. We of course denied the motion to supplement.
Appellees then filed their brief which contained a footnote on page 4 which stated the following:
Discovery taken subsequent to Judge Kroll's ruling on Rampart's motion to dismiss already has shown that Gans was appointed by Rampart as its agent solely to sell the policy to Appellees in Florida. A motion to supplement the record in this appeal with the deposition transcript of Gans was denied by this Honorable Court.
Appellant has filed a motion to strike and for sanctions. Appellees have responded only that they included the footnote in the facts section of their brief in order "to apprise this court of all proceedings surrounding the case."
It would have been bad enough if counsel for appellee, Judith A. Ripps, had included the information in appellees' brief without moving to supplement the record. To make matters worse, she did it after we denied her motion to supplement the record. In doing so she has violated two ethical rules: (1) Rule 4-3.5(a) of the Florida Bar Rules of Professional Conduct which provides that a lawyer "shall not seek to influence a judge... except as permitted by law or the rules of court;" and (2) Rule 4-3.4(c) which provides that counsel shall not "knowingly disobey an obligation under the rules of a tribunal...."
We therefore strike the footnote and sanction Judith A. Ripps, pursuant to Florida Rule of Appellate Procedure 9.410, by assessing $500.00 in attorney's fees to be paid to opposing counsel within fifteen days of this order.
DELL and FARMER, JJ., concur.